DOSER, APPELLEE, *v.*
SAVAGE MANUFACTURING
AND SALES, INC., APPELLANT.

(No. 54254—Decided
September 6, 1988.)

*Elmer Cowan* and *Stanley Stein,*
for appellee.
*Dennis J. Kaselak* and *Bruce Tyler Wick,* for appellant.

DODD, J. On February 9, 1987, plaintiff-appellee, Paul Doser, obtained a jury verdict of $164,000 against defendant-appellant, Savage Manufacturing and Sales, Inc. The verdict was obtained in the Circuit Court of Cook County, Law Division, Cook County, Illinois.

On June 15, 1987, plaintiff filed in the Cuyahoga County Court of Common Pleas a praecipe and affidavit to file foreign judgment, pursuant to R.C. 2329.023(B), in order for plaintiff to enforce his judgment against the defendant, who is located within Cuyahoga County.

On July 10, 1987, defendant filed a "Motion for Relief Pursuant to O.R.C. 60(B) [sic]" and "Motion to Stay Execution on Foreign Judgment and Motion for Injunctive Relief," alleging the existence of various grounds for relief under Civ. R. 60(B).

On July 16, 1987, the trial court made the following journal entry:

"Deft's motion for relief pursuant to [Civ. R.] 60(B) and Deft's motion to stay execution on foreign judgment & motion for injunctive relief denied. This court lacks jurisdiction because case is on appeal in Illinois."

From this entry, appellant timely filed this appeal, alleging one assignment of error:

"The trial court erred in denying defendant's motion for relief from the Illinois judgment; and in denying defendant's motion for an injunction against enforcement of the Illinois judgment on grounds that the trial court lacked jurisdiction to do either."

There appears to be very little case law in Ohio to assist this court in the resolution of this appeal. However, we believe the language of R.C. 2329.022 clearly indicates that the common pleas court does, in fact, have jurisdiction over the judgment of plaintiff, once that judgment is filed in accordance with R.C. 2329.022:

"A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. *A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment*

of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas." (Emphasis added.)

Furthermore, we hold that any stay of execution which is issued by the common pleas court is contingent upon defendant's posting a bond in the amount of $180,400 to stay execution of the judgment of the Illinois court.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in compliance with this opinion.

*Judgment reversed and cause remanded.*

MARKUS, P.J., and STILLMAN, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and DONALD J. DODD, J., of the Champaign County Probate/Juvenile Court, sitting by assignment.