HINKLE, COX, EATON, COFFIELD & HENSLEY, Appellee,

v.

CADLE COMPANY, Appellant.

[Cite as *Hinkle, Cox, Eaton, Coffield & Hensley
v. Cadle Co.* (1996), 111 Ohio App.3d 713.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5336.

Decided June 17, 1996.

*William G. Cauffield,* for appellee.

*Victor O. Buente, Jr.,* for appellant.

FORD, Presiding Judge.

Appellant, Cadle Company, appeals from a judgment of the Trumbull County Court of Common Pleas ordering execution on a New Mexico judgment for appellee, Hinkle, Cox, Eaton, Coffield & Hensley.[1]

In 1990, appellee, a legal partnership, sued appellant for legal fees in the Fifth District Judicial Court, Chaves County, New Mexico. A jury verdict was rendered in favor of appellee for $66,367.60. Thereafter, appellant filed an appeal to the Supreme Court of New Mexico.

Appellant failed to pay and the judgment was subsequently domesticated in the Trumbull County Court of Common Pleas, pursuant to R.C. 2329.022, on March 22, 1995. The trial court ordered the garnishment of appellant's account at Second National Bank to satisfy the judgment. Appellant filed a motion to stay

---

1.  R.C. 2329.021 to 2329.027 constitute the Uniform Enforcement of Foreign Judgments Act as adopted in Ohio.

enforcement of the judgment, but failed to post any bond or security. At the hearing, the court found that appellant had failed to satisfy R.C. 2329.024(B), which requires security for satisfaction of the foreign judgment by bond. Accordingly, the court overruled appellant's motion to stay enforcement of the foreign judgment on September 12, 1995, and the garnishment against appellee's bank account was executed. Subsequently, the Supreme Court of New Mexico affirmed the Chaves County court's judgment. *Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co.* (1993), 115 N.M. 152, 848 P.2d 1079.

Appellant timely appealed and now raises a single assignment of error:

"1. The Court of Common Pleas erred in ruling 'The judgment is in the name of and collectible by the prior [*sic*] party in interest' the Plaintiff/Appellee herein."

■ The requirements which must be satisfied to stay enforcement of a foreign judgment are stated in R.C. 2329.024(B), which provides that:

"If the judgment debtor shows the court of common pleas any ground upon which enforcement of a judgment of a court of common pleas would be stayed, the court shall, upon requiring the same security for satisfaction of the judgment that is required in this state, stay enforcement of a foreign judgment that is filed pursuant to section 2329.022 of the Revised Code for an appropriate period."

The statute sets forth two requirements. First, the contesting party must present grounds upon which the judgment should be stayed. Second, the contesting party must post security.

Appellant asserts that appellee was not the real party in interest under Civ.R. 17(A). Therefore, appellant contends that the trial court erroneously ordered the execution of the foreign judgment. Appellant's argument hinges on an alleged admission made by appellee's representative to Daniel C. Cadle, president of appellant. Appellant avers that during a break in the trial, from which the fee dispute ensued, Stuart Shanor, a partner of appellee, admitted that appellee had closed its books on December 31, 1994, and subsequently reopened its books. Based on that admission, appellant contends that appellee was not the same partnership before and after December 31, 1994. Appellant submits that since appellee failed to submit proof of an assignment from the legal partnership as it existed on December 31, 1994, to the partnership as it was reestablished on January 1, 1995, the trial court should not have allowed appellee to execute its judgment as the "prior party in interest."

■ Civ.R. 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Civ.R. 1(A) provides that the Rules of Civil Procedure are " * *, * to be followed in all courts of this state in the exercise of

civil jurisdiction at law or in equity, with the exception stated in subdivision (C) of this rule." Civ.R. 1(C) provides:

*"Exceptions.* These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply * * * (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

To decide whether Civ.R. 17(A) applies to an R.C. 2329.022 enforcement proceeding, we must determine whether such a proceeding is an action or a special proceeding. Pursuant to R.C. 2307.01, "[a]n action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense." A special statutory proceeding is any proceeding other than a civil action. *Missionary Soc. of Methodist Episcopal Church v. Ely* (1897), 56 Ohio St. 405, 407, 47 N.E. 537, 538.

R.C. 2329.022 provides that "[a] foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in [the] same manner as a judgment of a court of common pleas."

■ After reviewing the applicable statutory and case law, we determine that an R.C. 2329.022 enforcement proceeding is an action and not a special proceeding. This determination is based on several factors. First, we discover no specific reference in R.C. 2329.021 to 2329.027 to suggest that the Civil Rules are inapplicable to such a proceeding. In fact, R.C. 2329.022 and 2329.024 both contain language suggesting that the Civil Rules are applicable to R.C. 2329.022 enforcement proceedings. Second, the Rules of Civil Procedure are not by nature clearly inapplicable to an enforcement action under R.C. 2329.022. In this case, affidavits were filed, a hearing was conducted, and a judgment was rendered as in any other standard action. Finally, other appellate courts have construed various Civil Rules in adjudications of claims brought under these statutory provisions. See *Signal Data Processing, Inc. v. Rex Humbard Found., Inc.* (1994), 99 Ohio App.3d 646, 651 N.E.2d 498; *Menu Maker Foods, Inc. v. HMS Property Mgt. Group, Inc.* (June 16, 1994), Cuyahoga App. No. 66072, unreported, 1994 WL 264278. Based on our determination that an enforcement proceeding brought under R.C. 2329.022 is an action, it follows that Civ.R. 17(A) applies in the instant case.

■ Again, appellant asserts that appellee did not present evidence to prove its alleged assignee status. "The general rule is that an assignee of a claim must allege and prove the assignment." *Zwick & Zwick v. Suburban Constr. Co.* (1956), 103 Ohio App. 83, 84, 3 O.O.2d 160, 160, 134 N.E.2d 733, 734. The affidavit of William Cauffield, appellee's attorney,[2] included attestations regarding the details of the foreign judgment itself and of the filing of the judgment, but did not include any statements concerning the assignment of the judgment from the partnership as it existed on December 31, 1994, to the partnership as it existed on January 1, 1995.

■ Appellant believes that appellee's failure to prove its assignee status was sufficient itself to prevent the execution of the judgment. This argument fails for two reasons. Appellant first did not provide the required bond, and therefore failed to comply the unambiguous requirement set forth in the statute. We read the statutory requirements that a contesting party must state grounds contrary to enforcement and must then submit an appropriate bond as conjunctive and not disjunctive. It has been held that "[a]ny stay of execution which is issued by the common pleas court is contingent upon defendant's posting a bond in the amount of [the judgment] to stay execution of the judgment * * *." *Doser v. Savage Mfg. & Sales, Inc.* (1988), 54 Ohio App.3d 22, 23, 560 N.E.2d 782, 783. Without the posting of the required security, the trial court was justified in denying appellant's motion to stay execution.

■ As a final matter, we note that appellant failed to provide a transcript pursuant to App.R. 9. Without the transcript, we cannot conclusively determine whether sufficient evidence was presented regarding the assignment and, thus, appellant cannot demonstrate this claimed error. In a decision based on similar grounds, the Fourth District Court of Appeals held that:

"Appellants, in [that] brief, assert that the lease was never assigned to appellee. This is the equivalent of a claim that the record lacks evidence of an assignment of the lease. Appellants could only demonstrate this alleged error by filing a transcript of the proceedings, which they have failed to do. In reviewing the judgment of a lower court, an appellate court indulges in a presumption of regularity of the proceedings below. The party asserting error bears the burden of demonstrating the error by reference to matters in the record. Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon and the court has no choice but to presume the validity of the proceedings of the lower

---

2. R.C. 2331.03 provides that "[a]n execution against the person of the debtor * * * can be issued only when allowed by the * * * court of common pleas * * * or any judge of such courts, upon being satisfied, by the affidavit of the judgment creditor or his attorney * * *."

court." (Citations omitted.) *Flagship Mgt. Serv., Inc. v. Grube* (Oct. 19, 1994), Scioto App. Nos. 93CA2180, 93CA2181 and 93CA2182, unreported, 1994 WL 577703.

Without the transcript, the only evidence regarding the assignment was the affidavit of appellee's attorney. Under R.C. 2319.03, "[a]n affidavit may be used to verify a pleading, to prove the service of the summons, notice, or other process in an action; or to obtain a provisional remedy, and examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law." However, the use of affidavits would be generally inappropriate when used in considering the merits of a case. *Natl. City Bank of Cleveland v. Natl. City Window Cleaning Co.* (1963), 174 Ohio St. 510, 23 O.O.2d 146, 190 N.E.2d 437, paragraph two of the syllabus; see, also, *Smithers v. Rossford Exempted Village School Dist. Bd. of Edn.* (June 10, 1994), Wood App. No. 93WD070, unreported, 1994 WL 262542. Based on these factors, we cannot say that the trial court erred in allowing appellee to recover as the "prior party in interest."

Accordingly, the trial court properly overruled appellant's motion to stay the execution of the foreign judgment. Appellant's assignment of merit is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

NADER, J., concurs.

CHRISTLEY, J., concurs in judgment only.