OPINION
Kenneth and Gracie Gerken appeal from the judgment of the Montgomery County Common Pleas Court entered on behalf of the appellee, Salvatore Ramondelli, M.D.
This litigation began on October 24, 1997, when the Gerkens filed their malpractice action against Dr. Ramondelli contending that he was negligent in his medical care, diagnosis and treatment of Kenneth Gerken in failing to properly assess and treat Gerken's bowel obstruction. The Gerkens alleged Ramondelli's malpractice resulted in Gerken developing a colocutaneous fistula requiring Gerken to undergo a colostomy and other additional surgical procedures. Mrs. Gerken sought damages for loss of her husband's consortium.
The record indicates that the Gerkens' counsel was permitted to withdraw as counsel on May 21, 1999 and the Gerkens were instructed to secure new counsel by June 14, 1999. On July 27, 1999 the matter proceeded to trial with the Gerkens representing themselves.
At the conclusion of the plaintiffs' case-in-chief, the defendant orally moved for a directed verdict pursuant to Civ.R. 50(A) and the trial court sustained the defendant's motion. The trial court noted that the plaintiffs failed to present expert medical testimony as to the accepted standard of care, any deviations from that standard, and causation. The court found from the evidence presented that plaintiffs' claim was not such that the alleged malpractice was so apparent as to be within the comprehension of a layman. Accordingly, the trial court granted the directed verdict motion because plaintiffs had failed to present a prima facie case of medical malpractice.
The Gerkens are representing themselves in this appeal and have filed a handwritten brief which admittedly fails to comply with the appellate rules. In the brief the Gerkens state in what respect they believe Dr. Ramondelli committed malpractice. They state they are unable to afford to have a transcript of the trial prepared for use in this appeal.
The appellee asks that we strike appellant's brief for its noncompliance with the Ohio Rules of Appellate Procedure. Appellee also notes appellants cannot portray error in the trial court's judgment without benefit of a transcript of the proceedings below. Lastly appellee argues the trial court properly entered the directed verdict because the appellants failed to establish the elements of their malpractice claim with expert testimony.
We reject appellee's request that we strike appellants' brief. The appellee, however, correctly notes that a malpractice claim cannot generally be established in Ohio without the presentation of expert testimony demonstrating that the defendant physician's care fell below the recognized standard of care and that this departure proximately caused the plaintiff's injuries.Ramage v. Central Ohio Emergency Serv. Inc. (1992), 64 Ohio St.3d 97,103, 104 and Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131.
Also where portions of the transcript necessary for assigned errors are omitted from the record, a reviewing court has nothing to pass upon and the court has no choice but to presume the validity of the proceedings of the lower court. Hinkle v. CadleCo. (1996), 111 Ohio App.3d 713.
In the absence of a transcript, we must presume that the trial court was correct in finding that the Gerkens failed to present the requisite expert testimony to establish that Dr. Ramondelli deviated from the accepted standard of medical care and that deviation caused injury to Kenneth Gerken and his spouse. Accordingly, the trial court properly entered the directed verdict and the judgment of the trial court must be Affirmed.
GRADY, P.J., BROGAN and WOLFF, JJ., concur.