OPINION
Defendants-appellees, Robert H. Houghton and Anthony Thornton, were employed by Comp Data International, Inc. ("CDI"), an Ohio corporation that recycled and sold computer equipment. Houghton and Thornton each executed a covenant not to compete and confidentiality agreement with CDI and "its successors and assigns." Specifically, Houghton and Thornton agreed to refrain from competition for twenty-four months after their termination from CDI. Houghton resigned from CDI on February 2, 1998. Thornton resigned from CDI on February 10, 1998.
By March 1998, shortly after Houghton and Thornton's departure, CDI was in default on $1,572,352 in secured debt it owed to its creditor, Star Bank, National Association ("Star"). Star and CDI agreed that Star would "sell [CDI's] rights in substantially all of the personal property securing [CDI's] obligations to Star," and the relevant assets were transferred from CDI to Star for that purpose. On March 13, 1998, Star transferred assets "constituting personal property which acts as security for [CDI's] indebtedness to Star" to another corporation, Next Cycle, Inc. ("Next Cycle"). In exchange, Next Cycle executed a promissory note to Star in the amount of $1,572,352. At some point, Next Cycle changed its name to Technology Renewal Corporation ("TRC"), the plaintiff-appellee in the instant action. On the basis of this transfer of assets, TRC now purports to be the successor or assignee to CDI's interests in Houghton and Thornton's covenants with CDI.
In June 1998, four months after they resigned from CDI, Houghton and Thornton were both hired by defendant-appellee, Redemtech, Inc. ("Redemtech"), a competitor of TRC. TRC filed the instant action on June 8, 1999. In its complaint, TRC alleged that, in accepting employment with Redemtech, Houghton and Thornton breached their noncompete and confidentiality covenants with CDI. TRC also alleged that Houghton and Thornton breached duties of loyalty to CDI and that Houghton, who had also been a CDI officer, breached a fiduciary duty owed to CDI. Finally, TRC alleged that Redemtech tortiously interfered with Houghton and Thornton's covenants with CDI by employing Houghton and Thornton.
On June 9, 2000, the trial court granted appellees' motions for summary judgment on the basis that TRC lacked standing to assert any of its claims. In reaching its decision, the trial court concluded that TRC was neither a successor nor an assignee of CDI as a matter of law.
On appeal, TRC raises the following assignment of error:
 The trial court erred to the prejudice of plaintiff-appellant in granting defendants-appellees' motions for summary judgment on the basis that appellant lacked standing to enforce those agreements.
Appellate review of summary judgment motions is de novo. Helton v.Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183. Based on our independent review of the record, we overrule TRC's assignment of error and affirm the judgment of the trial court.
"It is elementary that every action shall be prosecuted in the name of the real party in interest * * * and that one having no right or interest to protect ordinarily may not invoke the jurisdiction of the court."State ex rel. Dallman v. Court of Common Pleas (1973), 35 Ohio St.2d 176,178. "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." Id. at syllabus. We conclude that TRC does not have standing to assert its claims against the appellees because it had no right or interest in CDI's noncompete and confidentiality covenants with Houghton or Thornton. Contrary to TRC's position, TRC was neither a successor nor an assignee to the covenants at issue.
First, we conclude that CDI did not assign the covenants to TRC. Although the parties argue whether noncompete and confidentiality covenants are even assignable under Ohio law, we need not reach that issue. "The general rule is that an assignee of a claim must allege and prove the assignment." Hinkle, Cox, Eaton, Coffield Hensley v. CadleCo. (1996), 111 Ohio App.3d 713, 717. On the facts of this case, TRC has not met its burden.
TRC has not produced any evidence that demonstrates an express assignment of the noncompete or confidentiality covenants from CDI to TRC. Nor did the transfer of assets from CDI to Star to TRC effect an assignment of the covenants. TRC merely acquired from Star assets "constituting personal property which acts as security for [CDI's] indebtedness" to Star. TRC has provided no evidence whatsoever that Star ever had a security interest in Houghton or Thornton's covenants with CDI. The security agreement executed by Star and CDI demonstrates that Star took a security interest in inventory, accounts receivable, equipment, fixtures and furniture. We conclude that the covenants do not fall into any of these categories. We disagree with TRC's argument that the noncompete and confidentiality covenants are a form of accounts receivable. See R.C. 1309.01(A)(15) (defining an "account" for purposes of secured transactions as the "right to payment for goods sold or leased or for services rendered.") Because the covenants do not fit within any of the categories of assets ultimately acquired by TRC, the acquisition of assets could not effect an assignment of the covenants.
Second, we conclude that TRC is not a successor to CDI's interests in the covenants. The trial court concluded that, as a matter of law, TRC could not be CDI's successor because it did not assume any of TRC's liabilities. We do not express an opinion regarding whether a corporation that acquires assets but disavows liabilities may ever succeed in the interests of a predecessor's noncompete or confidentiality covenants. Rather, we conclude that, on the facts of this case, TRC did not succeed in CDI's interests in the covenants. As noted above, TRC acquired only the portion of CDI's assets in which Star had a security interest, assets that did not include the covenants at issue.
For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
 __________ PETREE, J.
BOWMAN and KENNEDY, JJ., concur.