This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Bruce McFolley appeals from the judgment of conviction entered by the Lorain County Court of Common Pleas, on the charge of escape. This court affirms.
 I.
Allegedly, Bruce McFolley was convicted and sentenced to prison on February 6, 1995, on drug trafficking charges. On March 3, 1998, McFolley was allegedly released from prison and placed on parole for these same charges. Certain conditions of parole were imposed, including weekly reporting to his parole officer. On March 18, 1998, a new version of the parole statute became effective, defining a parolee as a person in detention who may be charged with escape if he fails to report to his parole officer. On July 6, 1999, McFolley allegedly failed to report to his parole officer. On September 9, 1999, the grand jury indicted him on one count of escape in violation of R.C. 2921.34(A)(1), a third degree felony.
The trial court appointed counsel to represent McFolley. Ultimately, McFolley pled no contest to the indictment, with the apparent intention of challenging the sufficiency of the facts to establish that McFolley had committed a crime. McFolley was convicted and was sentenced to one year of imprisonment, with three years of post-release control. McFolley was appointed counsel for purposes of appeal, but appellate counsel failed to file a timely notice of appeal. This court later granted McFolley's motion for delayed appeal, filed by different appellate counsel. McFolley now raises the following four assignments of error.
 II. I. Appellant's conviction and sentence for escape are void or voidable because former R.C. 2967.15(C)(2) excludes Appellant from the class of people subject to the escape statute, controls over the conflicting provisions contained in R.C. 2901.21(E), and should have been applied in this case at the trial court level to preclude Appellant from being charged with and convicted of escape pursuant to R.C. 2967.021(A).
 II. Appellant's conviction and sentence for escape are void or voidable because application of the present amended version of R.C. 2967.15(C)(2) would violate R.C. 1.58, R.C. 2967.021(A), the ex post facto clause of Article I, [Section] 10 of the United States Constitution, and Article II, [Section] 28 of the Ohio Constitution.
 III. Appellant's conviction and sentence for escape are void or voidable because his plea of no contest was not made knowingly, intelligently, and voluntarily where his counsel provided ineffective assistance of counsel by failing to move the court to dismiss the indictment and charge of escape based upon former R.C. 2967.15(C)(2) and 2967.021(A) and by failing to inform him that he was statutorily prohibited from being convicted of escape under former R.C. 2916.15(C)(2), thereby violating Appellant's Constitutional rights to counsel and due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, [Sections] 10 and 16 of the Ohio Constitution.
 IV. Appellant's conviction and sentence for escape are void or voidable because the trial court's failure to dismiss Appellant's charge and indictment for escape constitutes plain error.
We first note that McFolley's appeal is based upon the factual assertion that the criminal conduct for which he was originally convicted and sentenced occurred prior to July 1, 1996. On the basis of this alleged fact, McFolley argues that the law as it existed prior to that date applies to him. McFolley points to R.C. 2967.021(A), which states:
 Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
R.C. 2967.021(A).
R.C. 2967.15 governs the violations of parole. The version of the statute in effect prior to July 1, 1996, provides that
 [a] furloughee or a releasee other than a person who is released on parole * * * is considered to be in custody while on furlough or other release, and, if the furloughee or releasee absconds from supervision, the furloughee or releaseee may be prosecuted for the offense of escape.
 (Emphasis added.) R.C. 2967.15(C)(2). Effective March 17, 1998, R.C. 2967.15(C)(2) was changed to include a parolee as a person "in custody" and subject to prosecution for escape if he fails to report to his parole officer. McFolley says that as to his parole for his 1995 convictions, R.C. 2967.021(A) provides that the former parole statute will apply to him, which excludes parolees from the class of persons considered to be in custody. Therefore, McFolley argues he cannot be charged with or convicted of escape for failure to report to his parole officer.
However, there is nothing in the trial court record on the escape charge that supports the assertion that McFolley's original conviction occurred in 1995. McFolley invites this court to find that the trial court erroneously applied the current parole statute to him because his original offenses occurred prior to July 1, 1996. It is well-established that the "the party asserting error bears the burden of demonstrating the error by reference to matters in the record." Hinkle, Cox, Eaton,Coffield Hensley v. Cadle Co. (1996), 111 Ohio App.3d 713, 717. This court is limited to the record before us. App.R. 12(A). Because there is nothing in the record to support McFolley's factual assertions, we need not address the legal arguments that flow from his unsupported assertions.
The assignments of error are not well-taken, and they are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., SLABY, J. CONCUR.