OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments to this court. Appellant, Ohio Secretary of State J. Kenneth Blackwell, appeals the decision of the Harrison County Court of Common Pleas that denied the Secretary's motions to intervene and change venue. The Secretary raises two issues on appeal.
 {¶ 2} First, the Secretary contends that the trial court erred by denying his motion to intervene. R.C. 3501.05(V) gives the Secretary a conditional right to intervene in this case. Thus, the trial court has the discretion to allow him to intervene and intervention should be liberally granted. In this case, the trial court abused its discretion by not allowing the Secretary to intervene since the issues involved are common to dozens of actions statewide and the Secretary has a compelling interest in uniformity.
 {¶ 3} Second, the Secretary argues that the trial court erred in denying the motion to change venue. Once the Secretary is party to an action under R.C. Title 35, the trial court must grant his motion to change venue if, as in this case, there are cases pending in more than one jurisdiction that involve the same or similar issues. Thus, the trial court erred by not granting his motion.
 {¶ 4} For these reasons, the trial court's decision is reversed. The Secretary's motion to intervene is granted and this case is transferred to the Franklin County Court of Common Pleas in accordance with R.C. 3501.05(V).
 Facts {¶ 5} Brian Rothenberg filed a protest with the Harrison County Board of Elections against certain part-petitions and the Board's findings regarding the part-petitions on a statewide initiative petition. The proponents of the petition have proposed a statewide statutory initiative. The Secretary has publicly stated that he is leading the effort to get this statutory initiative on the ballot.
 {¶ 6} The Harrison County Prosecutor filed a petition to determine the sufficiency or insufficiency of certain initiative part-petitions in the Harrison County Court of Common Pleas. The Secretary filed a motion to intervene in his official capacity and requested that the trial court transfer the case to the Franklin County Court of Common Pleas. Rothenberg also moved to intervene, and opposed the Secretary's motion. The trial court granted Rothenberg's motion and denied the Secretary's motions. It concluded that the Secretary did not have an unconditional statutory right to intervene under R.C. 3501.05 and that he could not claim an interest making his intervention mandatory under Civ.R. 24(A)(2).
 {¶ 7} The Secretary timely appealed this decision and the trial court stayed a scheduled hearing on the merits pending this appeal. We have expedited this appeal on the Secretary's motion.
 Motion to Intervene {¶ 8} In his first assignment of error, the Secretary argues:
 {¶ 9} "The trial court erred in overruling Appellant's motion to intervene."
 {¶ 10} The trial court denied the Secretary's motion to intervene because he failed to prove that he had the mandatory right to intervene under either Civ.R. 24(A)(1) or (2). Rothenberg also argued to the trial court and this court that the Secretary should not be allowed to intervene because of ethical considerations and because of procedural flaws in his motion. We will address these issues before we substantively address the Secretary's right to intervene under either Civ.R. 24(A) or (B).
 Ethical Considerations {¶ 11} Although the trial court did not deny the Secretary's motion to intervene because of ethical considerations, Rothenberg argues that the Secretary cannot be allowed to intervene in this case even if the Civil Rules allowed that intervention since it would violate R.C. 102.03(D). He contends that, as honorary chairman of the group seeking to place the statewide statutory initiative on the ballot, the Secretary's personal interests are indistinguishable from those of that group and that this compromises his ability to exercise independent judgment in his official capacity. He argues that this conflict of interest should prevent the Secretary from intervening in this action regardless of whether or not the applicable laws and rules allow him to intervene.
 {¶ 12} The proper way to raise an issue regarding whether a public official is acting ethically is by filing a complaint with the Ohio Ethics Commission. It is the body which "shall receive and may initiate complaints against" public officials who violate their ethical duties. R.C. 102.06(A). The Ethics Commission may then investigate those complaints and report an ethical violation to the appropriate prosecuting authority if it finds by a preponderance of the evidence that there is an ethical violation. R.C. 102.06(B), (C)(1)(a). It may also compromise or settle the complaint or charge with the agreement of the accused. R.C.102.06(G). None of the laws governing the powers, duties, and ethical responsibilities of the Secretary prevent him from taking part in a legal action in his official capacity merely because a party believes that he may be violating his ethical duties when doing so.
 {¶ 13} The statutes governing the ethical duties of Ohio's elected officials appear to give the Ethics Commission, not the courts, the authority to investigate violations of those ethical duties. Those statutes do not give the courts the ability to prevent those public officials from discharging their statutory duties because an opposing party argues that the discharge of those duties may result in an ethical violation. We render no opinion about whether there is an ethical conflict in this case. Instead, we hold that the trial court should not prevent the Secretary from discharging his official duties by intervening in a civil action merely because doing so may create a conflict of interest. Rothenberg's argument to the contrary is meritless.
 Civ.R. 24(C) Compliance {¶ 14} Although the trial court also did not deny the Secretary's motion for failure to comply with Civ.R. 24(C), Rothenberg argued to the trial court that it should deny the motion because of this failure. On appeal, Rothenberg makes a different argument. He now argues that the Civil Rules are inapplicable to this action in their entirety since this is a special statutory proceeding and thus the Secretary cannot rely on them as a basis for intervention.
 {¶ 15} According to Civ.R. 24(C): "A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene." But Civ.R. 1(C)(7) provides that, "to the extent that they would by their nature be clearly inapplicable," the Civil Rules "shall not apply to procedure * * * in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."
 {¶ 16} "An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense." R.C. 2307.01. "A special statutory proceeding is any proceeding other than a civil action." Hinkle, Cox,Eaton, Coffield Hensley v. Cadle Co. (1996),111 Ohio App.3d 713, 716, citing Missionary Soc. of Methodist Episcopal Churchv. Ely (1897), 56 Ohio St. 405, 407. Clearly, under this definition a judicial action to establish the sufficiency or insufficiency of the signatures and of the verification thereof on any initiative or referendum petition under R.C. 3519.16 is a special statutory proceeding. Therefore, the Civil Rules apply to this action except to the extent they would clearly be inapplicable. State ex rel. Fowler v. Smith, 68 Ohio St.3d 357,360, 1994-Ohio-0302.
 {¶ 17} Rothenberg's argument on appeal that the Civil Rules are inapplicable in their entirety is meritless. Civ.R. 1(C) does not render the Civil Rules inapplicable in their entirety to the types of actions listed there. As caselaw demonstrates, courts may look to a particular Civil Rule to see if it applies in a particular case. See Miele v. Ribovich, 90 Ohio St.3d 439, 2000-Ohio-0193 (Civ.R. 52 and 53 are clearly inapplicable in forcible entry and detainer actions); State ex rel.Wilson-Simmons v. Lake Cty. Sheriff's Dept., 82 Ohio St.3d 37, 1998-Ohio-0597 (Civ.R. 56 is clearly inapplicable to certain types of original actions). A Civil Rule is clearly inapplicable "`only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.'" Price v. Westinghouse Elec. Corp.
(1982), 70 Ohio St.2d 131, 133, quoting State ex rel. Millingtonv. Weir (1978), 60 Ohio App.2d 348, 349. The question, then, is whether the Civ.R. 24(C) requirement that a motion to intervene and any supporting memorandum be accompanied by a pleading, as defined by Civ.R. 7(A), setting forth the claim or defense for which intervention is sought alters the basic statutory purpose embodied in R.C. 3519.16, which governs judicial review of the verification of signatures on any initiative or referendum petition. See Seminatore v. Climaco, Climaco, Seminatore,Lefkowitz Garofoli, Gen Partnership, 148 Ohio App.3d 613,2002-Ohio-3892, ¶ 58.
 {¶ 18} Civ.R. 7(A) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." These kinds of documents are not filed in an action under R.C. 3519.16. Thus, any requirement in the Civil Rules that one of these documents be filed is clearly inapplicable. The Secretary's motion is not procedurally flawed.
 Right to Intervene {¶ 19} The Secretary contends that he is entitled to intervene under Civ.R. 24(A)(1) since R.C. 3501.05(V) gives him the unconditional right to intervene in any action filed pursuant to R.C. Title 35. In the alternative, he argues the trial court abused its discretion by not allowing him to intervene under Civ.R. 24(B)(1).
 {¶ 20} Civ.R. 24(A)(1) provides that "anyone shall be permitted to intervene in an action * * * when a statute of this state confers an unconditional right to intervene." (Emphasis added). In contrast, Civ.R. 24(B)(1) provides that "anyone may
be permitted to intervene in an action * * * when a statute of this state confers a conditional right to intervene." (Emphasis added). "In statutory construction, the word `may' shall be construed as permissive and the word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." Dorrian v. Scioto Conserv. Dist. (1971),27 Ohio St.2d 102, paragraph one of the syllabus.
 {¶ 21} R.C. 3501.05(V) provides that "the secretary of state may, on the secretary of state's motion, be made a party" to "any action involving the laws in Title XXXV of the Revised Code wherein the interpretation of those laws is in issue in such a manner that the result of the action will affect the lawful duties of the secretary of state or of any board of elections." Clearly, this action is one that will affect the lawful duties of the secretary of state or of any board of elections since one of the Secretary of State's duties is to "[p]repare the ballot title or statement to be placed on the ballot for any proposed law or amendment to the constitution to be submitted to the voters of the state." R.C. 3501.05(H).
 {¶ 22} The Secretary argues that R.C. 3501.05(V) confers an unconditional right to intervene in this action upon him, but this argument is incorrect. R.C. 3501.05(V) provides that "the secretary of state may, on the secretary of state's motion, be made a party." (Emphasis added). The plain language of this statute indicates that the trial court is permitted to make the Secretary a party to this action pursuant to R.C. 3501.05(V), but is not required to do so. The statute does not say "the secretary of state shall, on the secretary of state's motion, be made a party." This statute does not provide the Secretary with an unconditional right to intervene under Civ.R. 24(A)(1) and the Secretary's arguments to the contrary are meritless.
 {¶ 23} Since R.C. 3501.05(V) gives the Secretary a conditional right to intervene, he may be allowed to intervene under Civ.R. 24(B)(1). Generally, Civ.R. 24 should be liberally construed in favor of intervention. State ex rel. Smith v.Frost, 74 Ohio St.3d 107, 108, 1995-Ohio-0265. Nevertheless, any decision over whether to grant or deny a motion to intervene under Civ.R. 24(B) is left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. In re Stapler (1995), 107 Ohio App.3d 528, 531;State ex rel. Montgomery v. Columbus, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶ 14. An abuse of discretion is more than a mere error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Civ.R. 24(B).
 {¶ 24} The trial court denied the Secretary's motion to intervene in this case for two reasons. First, it denied the Secretary's motion to intervene because he does not routinely participate in actions arising from rulings by local boards of election. It saw no reason to distinguish this case from the other situations in which the Secretary had not asked to intervene. This is an unreasonable basis for denying the motion to intervene.
 {¶ 25} The Secretary is the public official who is charged with supervising all elections in the State of Ohio. He appoints the members of the various local boards of election, issues instructions by directives and advisories to the members of those boards, prepares rules and instructions for the conduct of elections, and compels observance with the elections laws. R.C.3501.05. Because this is the case, the Secretary has a compelling interest in ensuring that these mandates are carried out with uniformity across the state and within its various Boards. It is ultimately his responsibility to "[r]eceive all initiative and referendum petitions on state questions and issues and determine and certify to the sufficiency of those petitions." R.C.3501.05(K). In order to facilitate the performance of those duties, R.C. 3501.05(V) gives the Secretary the ability to intervene in all elections-related actions. Furthermore, "if there are cases pending in more than one jurisdiction that involve the same or similar issues," then "[t]he secretary of state may apply * * * for a change of venue as a substantive right, and the change of venue shall be allowed, and the case removed to * * * the court of common pleas of Franklin county." R.C. 3501.05(V).
 {¶ 26} Contrary to Rothenberg's arguments, these statutes do not contemplate that the Secretary is a passive participant in cases involving elections issues. Rather, they indicate that the Secretary should be actively involved in ensuring compliance with election laws and allow him to facilitate judicial economy by transferring all related cases from the various county courts to Franklin County so various cases can be litigated as one.
 {¶ 27} R.C. 3501.05 does not mandate that the Secretary participate in all elections cases or all elections cases involving statewide issues. The Secretary has the discretion to move to both participate in those cases and consolidate them in Franklin County. Essentially, the trial court in this case denied the Secretary's motion because it disagreed with how the Secretary exercised his discretion in the past. Such a judgment should be rendered by the voters, not a particular trial court. Voters can express their displeasure with an elected official's actions in a later election. See Materkowski v. Belmont CountyBd. of Elections, 7th Dist. No. 02 BE 34, 2002-Ohio-4370.
 {¶ 28} The trial court also denied the Secretary's motion because not allowing him to participate "does not materially affect the exercise of [his] duties." But this conclusion ignores the fact that the legislature has given the Secretary the ability to intervene in elections cases precisely because some cases will involve statewide issues. The trial court's rationale means that the Secretary should not be allowed to intervene in any action. This plainly contradicts the purpose behind R.C. 3501.05(V), which allows him to intervene and consolidate various cases into one case in Franklin County.
 {¶ 29} Rothenberg argues the trial court did not abuse its discretion by denying the motion to intervene since the Secretary's intervention in the action and the subsequent transfer of the action to Franklin County would significantly delay the proceedings. After the Secretary becomes a party to a proceeding under R.C. 3501.05(V), he may move for a change of venue "and the change of venue shall be allowed, and the case removed to the court of common pleas of an adjoining county named in the application or, if there are cases pending in more than one jurisdiction that involve the same or similar issues, the court of common pleas of Franklin county." Id. Rothenberg contends that the protests against the various part-petitions will be addressed more easily and quickly if they are litigated in the various counties of this state rather than as one consolidated proceeding in Franklin County.
 {¶ 30} This argument may have merit if the protest solely challenged the actual signatures on the ballots. But Rothenberg's protest does not do this. Rather, his challenges are more general. Rothenberg argues that some words are not capitalized when they should be. He contends that the petitions do not say that the solicitor witnessed every signature. These objections are about form rather than substance. Franklin County courts can deal with objections about form as easily as Harrison County courts.
 {¶ 31} At oral argument, Rothenberg contended that the logistical difficulties in consolidating dozens of cases into Franklin County are so great that the wheels of justice would be frozen. But we have no evidence of this and we find it hard to believe that it would be any easier for the parties to litigate this matter in dozens of counties. The logistical difficulties in a statewide protest to a statewide initiative are inherent in the nature of the project. The legislature provided a means to limit many of these difficulties by consolidating the various cases in Franklin County. There is no basis to question the legislature's policy decision in this regard.
 {¶ 32} For these reasons, we conclude that the trial court erred when it denied the Secretary's motion to intervene. Appellant's first assignment of error is meritorious.
 Change of Venue {¶ 33} In his second assignment of error, the Secretary argues:
 {¶ 34} "The trial court erred in refusing to transfer the case to the Franklin County Common Pleas Court."
 {¶ 35} The Secretary asks us to review the trial court's decision denying his motion to intervene even though the trial court could not have granted that motion since it did not make him a party to the suit. If the trial court had any discretion in this matter, we would remand this case to the trial court so it could rule on the motion to change venue. But since transfer is mandated by statute in this case and the parties have asked that we deal with this matter expeditiously, we will rule on the merits of this argument.
 {¶ 36} As the Secretary points out, R.C. 3501.05(V) mandates that a trial court transfer a case to Franklin County at the Secretary's request if 1) he is a party to the case and 2) if there are cases pending in more than one jurisdiction that involve the same or similar issues. Both of these conditions are met in this case. Thus, under the plain language of this statute, the trial court is obligated to transfer the case to Franklin County.
 {¶ 37} Rothenberg argues this statute does not apply since a more specific statute, R.C. 3519.16, trumps the general provisions of R.C. 3501.05(V). And the specific usually trumps the general when the two conflict. "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." R.C.1.51. But in this case, the two statutes do not conflict.
 {¶ 38} R.C. 3519.16 provides that a protest on part-petitions be filed in the court of common pleas in the county where the protest is filed "and the case shall be heard forthwith by a judge of such court whose decision shall be certified to the board." There is nothing in this language that prevents the case from being transferred on the Secretary's motion. Rothenberg asks us to construe these statutes in a manner which would make them conflict. In accordance with R.C. 1.51, we will not do so.
 {¶ 39} The trial court did not grant the motion to change venue because it did not allow the Secretary to intervene. Given our conclusion that the trial court abused its discretion by not allowing that intervention, we must grant the motion to change venue. Appellant's second assignment of error is also meritorious.
 {¶ 40} Accordingly, the judgment of the trial court is reversed. The Secretary's motion to intervene is granted and this case is transferred to the Franklin County Court of Common Pleas in accordance with R.C. 3501.05(V).
Waite, P.J., concurs.
Vukovich, J., concurs.