PETER J. CHRISTY, APPELLANT, *v.* THERESA GORDON CARLISLE, ET AL., RESPONDENTS.

No. 9815

September 29, 1978                    584 P.2d 687

---

[1] The Governor designated William P. Beko, Judge of the Fifth Judicial District, to sit in place of HON. GORDON THOMPSON, Justice, who was disabled. Nev.Const. art. 6, § 4.

*Cochrane, Lehman, Nelson & Rose,* of Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison* and *Mark C. Scott, Jr.,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court setting aside a default judgment in an action to recover damages arising out of a four-car automobile accident. Suit was commenced shortly before the two-year limitation period expired and named

Theresa Carlisle as defendant along with fictitiously named defendants.

The insurance carrier for Carlisle was promptly notified by plaintiff's counsel of the lawsuit and was advised by letter that it had an indefinite extension of time to answer "subject to my advising you that we have served Ms. Carlisle." Subsequent negotiation between counsel and the insurance company representative did not result in settlement. Counsel then wrote the representative that plaintiff's final offer of settlement would remain open for ten days and, if not accepted, would expire "and we would go ahead and serve the defendant Theresa G. Carlisle with the complaint that we filed on January 5, 1976."

The insurance representative did not accept the settlement demand within ten days. Plaintiff's counsel then caused service of process to be made upon the director of the department of motor vehicles pursuant to NRS 14.070. The summons and complaint was mailed to the defendant Carlisle's Las Vegas address as it appeared on the accident report. However, she had moved from Nevada, and since the one-year postal courtesy to forward mail had lapsed, the certified letter was returned undelivered with the notation "Return to sender—address unknown." Consequently, neither the defendant nor her insurance company received actual notice that service of process had been made pursuant to that statute.

Default was entered July 7, 1976. Six days later a default judgment for $60,000 was obtained. Not until January 25, 1977, did the defendant Carlisle's insurance company learn that a default judgment had been secured. The six months period within which to present a Rule 60(b) motion requesting relief from final judgment had then passed. Consequently, counsel for defendant sought to set aside the entry of default judgment by motion pursuant to Rule 55(b)(2).[1] He contended that for the purposes of that rule the defendant Carlisle had appeared in the action and was, therefore, entitled to written notice of application for judgment at least 3 days prior to the hearing on such application.

[1]NRCP 55(b)(2): "In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, conservator, or other such representative. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the State."

The district court ruled that the settlement negotiations and exchange of correspondence between plaintiff's counsel and the defendant Carlisle's insurance representative should be deemed an appearance within the intendment of Rule 55(b)(2) requiring a 3-day notice of the application for default judgment. Since such notice was not given, the court set aside the judgment and granted the defendant twenty days within which to answer or otherwise plead. For reasons hereafter expressed, we affirm that determination.

1. Written notice of application for default judgment must be given if the defendant or representative has appeared in the action. The failure to serve such notice voids the judgment. Reno Raceway, Inc. v. Sierra Paving, 87 Nev. 619, 492 P.2d 127 (1971). An appearance within the contemplation of Rule 55(b)(2) does not necessarily require some presentation or submission to the court. Charlton L. Davis & Co. P.C. v. Fedder Data Center, 556 F.2d 308 (5th Cir. 1977). That rule is designed to insure fairness to a party or his representative who has indicated a clear purpose to defend the suit. H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L., 432 F.2d 689 (D.C. Cir. 1970); R. F. v. D.G.W. 560 P.2d 837 (Colo. 1977); Feeney v. Abdelahad, 372 N.E.2d 1315 (Mass.App. 1978).

It is our underlying policy to have each case decided upon its merits. Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963). With this in mind, we approve the observation of the court in H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L., supra, that a default judgment normally must be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.

2. Defendant Carlisle's insurance carrier had indicated a clear purpose to defend the suit. Indeed, it was duty bound to do so, and plaintiff's counsel must have known this. The insurance company was entitled to rely upon plaintiff's counsel's representation that it had an indefinite extension of time to answer subject to advice that the insured defendant had been served. The company was not notified of the fact of service. To allow the default judgment to stand in these circumstances would manifestly be unfair.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.