MILLER, APPELLEE, *v.*
BOCK LAUNDRY MACHINE COMPANY, APPELLANT.

(No. 80-307—Decided December 30, 1980.)

*Kitchen, Kitchen & Associates Co., L.P.A.,* and *Mr. John W. Kitchen,* for appellee.

*Messrs. Marshall, Melhorn, Cole, Hummer & Spitzer, Mr. Richard M. Kerger* and *Ms. M. McCormick Krueger,* for appellant.

*Per Curiam.* To say that the United States Constitution requires Ohio courts to give full faith and credit to foreign judgments begins, rather than ends, our inquiry. This command has been codified in Section 1738, Title 28, United States Code, which provides, in pertinent part, that such judgments "shall have the same full faith and credit in every court within the United States***as they have by law or usage in the courts of such State***from which they are taken."

Our task, therefore, is to determine what credit or effect Texas courts would have given the foregoing judgment had enforcement been attempted in that state. In this regard, 1 Restatement of Conflict of Laws 2d 306, Section 101, expresses the view that "[a] valid judgment for the payment of money will be enforced in other states only in the amount for which it is enforceable in the state where it was rendered." Comment *b* thereto expounds upon this principle, as follows:

"A foreign judgment for the payment of money will not be enforced in an amount greater than the amount, including costs, for which the judgment is enforceable in the state where it was rendered. This is true even though the judgment has been rendered in a larger amount.***"

It is quite apparent from a review of Texas law in this area that, in that forum, appellant would be entitled to a credit on the judgment for the amount paid in settlement of the claim against Jenkins. "It is the settled rule of law that any judgment rendered against one or all of the defendants must be credited with the amount of money received by plaintiffs in their settlements with other original defendants." *Riley* v. *Industrial Finance Service Co.* (1957), 157 Tex. 306, 312, 302 S.W. 2d 652. This rule is based on the oft-repeated precept that "an injured party is entitled to but one satisfaction for the injuries sustained by him." *Bradshaw* v. *Baylor Univ.* (Tex. Comm. App. 1935), 126 Tex. 99, 104, 84 S.W. 2d 703. Accord *McMullen* v. *Coleman* (Tex. Civ. App. 1940), 135 S.W. 2d 776, 778; *McMillen* v. *Klingensmith* (Tex. 1971), 467 S.W. 2d 193, 196-197; *T. L. James & Co., Inc.,* v. *Statham* (Tex. 1977), 558 S.W. 2d 865, 868; *McCrary* v. *Taylor* (Tex. Civ. App. 1979), 579 S.W. 2d 347, 350; and *Schering Corp.* v. *Giesecke* (Tex. Civ. App. 1979), 589 S.W. 2d 516, 519.

"This rule prevails even though it be found that the one released [by settlement] was in fact not liable." *McMullen* v. *Coleman, supra,* at 778. Several Texas courts have cited 4 Restatement of Torts 2d 333, Section 885(3), as the accepted approach to be taken in crediting monies received in settlement against a judgment amount.[1] That section specifies, as follows:

"A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment."

The payment of $45,000 by Jenkins was made in compensation of appellee's claim against him; and the fact that the jury absolved Jenkins from liability has no effect on the Texas rule that such payment should be credited against the final judgment entered against appellant.

[1] See *McCrary, supra,* at 350; *Schering Corp., supra,* at 519; and *Lubbock Mfg. Co.* v. *Perez* (Tex. Civ. App. 1979), 591 S.W. 2d 907, 923-924. See, also, 34 Texas Jurisprudence 2d 745, Judgments, Section 637.

The Court of Appeals' conclusion that *res judicata* bars a reduction of the final judgment by the settlement amount misconceives the nature of this credit. In its present posture it is analogous to a claim of partial satisfaction of the judgment. Had execution on the judgment been attempted in Texas, appellant could have proceeded to have it set aside to the extent of the settlement.[2] However, instead of obtaining execution on the Texas judgment in that forum, appellee sought to have it reduced to an enforceable Ohio judgment. This is an appropriate opportunity for appellant to assert its entitlement to the settlement credit, and for the trial court to enter judgment in the amount for which it would be enforceable in Texas.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for recomputation of the judgment sum after subtraction of the $45,000 settlement.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

---

[2] "In a proper case, enforcement of a judgment may be enjoined in order that the debtor may establish his right to offset his claims against it." 34 Texas Jurisprudence 2d 737, Judgments, Section 624.

Similarly, 33 Corpus Juris Secundum 216, Section 75, indicates:

"* * * Where the writ [of execution] issues for too large an amount, the proper practice is* * * to move to set aside to the extent of the excess* * *.

"The writ should not issue for a greater amount than is due on the judgment at the time of its issuance.* * *An execution not showing a credit is not void but may be quashed only to the extent of the excess."