CEN VAL LEASING CORPORATION, Appellant, *v.* DONALD J. BOCKMAN, Respondent.

No. 14003

August 31, 1983

668 P.2d 1074

*Morris & Gorman,* Las Vegas, for Appellant.

*James J. Brown,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order denying appellant's motion to set aside a default judgment. We reverse and remand for further proceedings.

In July of 1981 the appellant ("Cen Val") repossessed two vehicles it had previously leased to respondent Bockman. Bockman thereafter commenced this action against Cen Val in August of 1981, charging that Cen Val maliciously and wrongfully removed these vehicles from Bockman's property.

Through an error in its attorney's office, Cen Val did not timely file an answer, and a default judgment was therefore entered on October 23, 1981. A motion to set aside the default was filed but was denied. This appeal followed.

In the proceedings below, Bockman's attorney, James J. Brown, admitted that in early September, 1981, his office was contacted by John T. Gorman, representing Cen Val. Brown was informed that Gorman intended to file a response in this lawsuit on Cen Val's behalf. Brown thus knew the identity of Cen Val's attorney. Therefore, before seeking Cen Val's default, Brown should have inquired of Cen Val's attorney

about his intention to proceed. *See* Rowland v. Lepire, 95 Nev. 639, 600 P.2d 237 (1979); SCR 187.[1]

Because Brown failed to contact Cen Val's attorney, the district court was required to set aside the default. *Id.* Accordingly, we reverse the district court's order refusing to set aside the default judgment, and we remand this case for further proceedings.

---

[1]SCR 187:

A member of the state bar. . . . [w]hen he knows the identity of a lawyer representing an opposing party . . . should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.