HAL GAZIN, Appellant, *v.* DAVID R. HOY, ESQ., HOY & MILLER, CHARTERED, LAW OFFICES OF GREGORY F. WILSON, Respondents.

No. 16918

December 23, 1986 730 P.2d 436

*Lionel, Sawyer & Collins* and *Richard W. Horton,* Reno, for Appellant.

*Bible, Santini, Hoy, Miller & Trachok* and *Gregory F. Wilson,* Reno, for Respondents.

## OPINION

By the Court, YOUNG, J.:

This is an appeal from an order of the district court denying a motion to set aside a default judgment. On June 18, 1985, appellant was personally served with a copy of the amended complaint in this matter. On July 10, 1985, appellant's counsel wrote a letter to respondents' counsel requesting an open extension of time within which to file an answer to the amended complaint. Counsel for the parties thereafter engaged in at least two conversations regarding this matter.

On August 27, 1985, the clerk of the district court entered appellant's default. On August 28, 1985, the district court entered a default judgment in the amount of $43,062.06 against appellant. Appellant filed his answer to the amended complaint the next day. Shortly thereafter, appellant filed a timely motion to set aside the default and the default judgment pursuant to NRCP 60(b)(1). In that motion, appellant's counsel stated that, in telephone conversations, respondents' counsel told him that an answer to the complaint would be appreciated, and, in response, appellant's counsel assured respondents' counsel that an answer would be forthcoming. Appellant's counsel asserted that he had

"no understanding" from those conversations that respondents' counsel had placed a deadline on the time within which to file an answer. Appellant therefore contended that his default was entered in violation of former SCR 187 because respondents' counsel never notified him of his intent to obtain the default.[1] *See* Cen Val Leasing v. Brockman, 99 Nev. 612, 668 P.2d 1074 (1983). Appellant further asserted that he had a meritorious defense to the complaint.

Respondents contended, however, that in a telephone conversation on August 20, 1985, respondents' attorney informed appellant's attorney that he would enter appellant's default if an answer was not filed by August 23, 1985. Respondents therefore argued that there was no misunderstanding regarding the time within which an answer was required. Further, respondents set forth the tortured history of this dispute, and argued that appellant had no meritorious defense to this action.

Appellant filed no reply points and authorities in support of his motion to set aside the default and the default judgment, and the matter was submitted to the district court for decision. Thereafter, on September 30, 1985, the district court entered an order denying appellant's motion. This appeal followed.

Appellant contends that the district court erred when it refused to set aside the clerk's entry of default. We disagree. The district court has wide discretion in deciding whether to set aside a default pursuant to NRCP 60(b)(1), and its determination will not be disturbed absent a showing of an abuse of discretion. *See* Union Petrochemical Corp. v. Scott, 96 Nev. 337, 609 P.2d 323 (1980). In the present case, appellant argued that his default was entered due to a misunderstanding between his attorney and respondents' counsel regarding the time within which an answer was required. Specifically, appellant's counsel asserted that although he had spoken with respondents' counsel, he had "no understanding" from those conversations that respondents had imposed a deadline by which an answer was due.

Respondents, however, directly contradicted appellant's argument by asserting that they gave appellant a firm date by which he

---

[1]Former SCR 187 provides in pertinent part:

> 1. A member of the state bar should adhere strictly to all express promises to and agreements with opposing counsel, whether oral or in writing, and should adhere in good faith to all agreements implied by the circumstances or by local custom. When he knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.

was to answer the complaint. Despite respondents' assertion, appellant elected not to traverse respondents' opposition; further, appellant failed to request that an evidentiary hearing be held on his motion. Moreover, appellant's allegation that his counsel had "no understanding" that respondents had imposed a deadline within which to answer may be consistent with respondents' allegation that such a deadline was in fact imposed. Finally, we note that neither party provided any documentation for its claim regarding the time within which an answer was required. We are unable to conclude, on the facts here presented, that the district court abused its discretion when it refused to set aside the order of default; accordingly, we affirm that portion of the judgment below.

We must, however, reverse the order of the district court insofar as it refused to set aside the default judgment. A plaintiff must give written notice of an application for a default judgment to any defendant that has appeared in the action. *See* NRCP 55(b)(2). An appearance for purposes of NRCP 55(b)(2) does not require a presentation or submission to the court; indeed, a course of negotiation between attorneys is sufficient to constitute an appearance for purposes of NRCP 55(b)(2) where the defendant has indicated a clear purpose to defend the suit. *See* Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147 (1979); Christy v. Carlisle, 94 Nev. 651, 584 P.2d 687 (1978). When the defendant has made an appearance in an action, the failure to give the notice prescribed by NRCP 55(b)(2) renders a subsequent default judgment void. *See Christy,* 94 Nev. at 654, 584 P.2d at 689; *see also* Reno Raceway, Inc. v. Sierra Paving, 87 Nev. 619, 620, 492 P.2d 127, 127 (1971).

In the present case, appellant's counsel indicated appellant's intention to defend the suit when counsel requested an open extension of time within which to file an answer. Appellant therefore made an appearance in this action for purposes of the notice provision of NRCP 55(b)(2). *See Franklin,* 95 Nev. at 564-565, 598 P.2d at 1150-1151; *Christy,* 94 Nev. at 654, 584 P.2d at 689. The record reveals, however, that respondents never served appellant with the required notice of their intent to obtain the default judgment; indeed, the default judgment was obtained the day after the entry of appellant's default. The default judgment is therefore void. *See Christy,* 94 Nev. at 654, 584 P.2d at 689; *Reno Raceway,* 87 Nev. at 620, 492 P.2d at 127. Accordingly, we hereby reverse the judgment of the district court insofar as it refused to set aside the default judgment, and remand this matter to the district court for a new hearing limited to the issue of

damages. The judgment of the district court is affirmed in all other respects.

MOWBRAY, C. J., and SPRINGER and STEFFEN, JJ., concur.

GUNDERSON, J., dissenting:

I would affirm the trial court *in toto*. As the trier of fact, the court surely was entitled to determine that appellant's counsel had not, in good faith, acted in a way equivalent to entering an appearance, and that appellant therefore was not entitled to the protections of NRCP 55.