**SIGNAL DATA PROCESSING, INC., Appellee,**

v.

**THE REX HUMBARD FOUNDATION, Appellant.**

[Cite as *Signal Data Processing, Inc. v. The Rex Humbard Found., Inc.* (1994), 99 Ohio App.3d 646.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16813.

Decided Dec. 30, 1994.

*Robert H. Young,* for appellee.

*Andrew Michaels,* for appellant.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of The Rex Humbard Foundation, Inc. ("Foundation") from the order of the Summit County Court of Common Pleas (1) striking the Foundation's answer and counterclaim to the registration of foreign judgment filed by Signal Data Processing, Inc. ("Signal"), (2) denying the Foundation's motion for summary judgment, (3) granting full faith and credit to the Signal judgment, and (4) allowing the enforcement of such judgment in the Summit County Court of Common Pleas. We affirm in part and reverse in part.

On September 15, 1993, Ohio counsel, purporting to act on behalf of Signal, a suspended California corporation, filed an authenticated foreign judgment in the Summit County Court of Common Pleas for the purpose of registering such judgment in Ohio. The judgment, in the amount of $1,131,994.87, was awarded to Signal by the United States District Court for the Central District of California on January 15, 1988. Along with the judgment, counsel filed his affidavit pursuant to R.C. 2329.022.

On October 15, 1993, the Foundation filed an answer, a request for hearing, and a counterclaim. In its answer,[1] the Foundation asserted that (1) Signal no longer existed as a corporation, had no officers, directors or employees, and had no one authorized to retain counsel to pursue the California judgment; (2) Signal had no standing to file the Ohio action; (3) the Ohio action was not brought by the real party in interest; (4) the California judgment had been assigned to a third party; and (5) the affidavit of Signal's purported Ohio counsel, submitted with the notice, was incorrect because the attorney-affiant acted without authority from Signal, the Foundation was incorrectly identified, the Foundation's address was not as stated, Signal's address was not as stated, and the underlying judgment was obtained by fraud, which had been discovered only recently by the Foundation.

On November 1, 1993, Signal moved to strike the Foundation's answer and counterclaim, arguing that the Ohio court was not the proper forum for attacking

---

1. The appendix to the Foundation's answer contained two letters from a Florida attorney who alleged in a January 28, 1993 letter relative to a proceeding initiated in Florida that Signal's California judgment was pledged to a third party with a perfected security interest. The same attorney alleged in a March 5, 1993 letter that Signal was a debtor in possession and, as such, was the real party in interest relative to the Florida proceeding.

the underlying California judgment and that Signal was merely attempting to register the judgment in Ohio.

On November 2, 1993, the Foundation deposed the Ohio attorney purporting to act for Signal, who admitted that he had been hired by Silk & Company ("Silk"), a collection agency, which in turn was hired by Towers Financial Corporation ("Towers"), also a collection agency. He stated that Signal was no longer an existing corporation, that he had had no contact with anyone from Signal, that the information on which he based his affidavit had been given to him by Silk, but that he would produce an officer of Signal for purposes of that officer's being deposed by the Foundation. Such officer was never produced.

On November 9, 1993, the Foundation filed a brief in opposition to Signal's motion to strike the Foundation's answer and counterclaim and, on January 7, 1994, moved for summary judgment on the basis of Signal's failure to respond to discovery requests, Signal's failure to provide an officer for deposition as required by Civ.R. 30(B)(5), Signal's lack of existence and standing to register the judgment, and Signal's lack of qualification as the real party in interest because only Silk and Towers would benefit from collection of the judgment. Along with its January 7 motion, the Foundation filed its attorney's affidavit and attached (1) a state of California Certificate of Filing and Suspension dated November 10, 1993, which set forth that on January 15, 1992, Signal's corporate powers, rights, and privileges were suspended by the state of California and remain suspended because reinstatement was never effected; (2) affidavits of two California process servers stating that they had been unable to locate Signal at any of the addresses supplied by Signal's purported Ohio counsel; (3) a certified copy of the docket in the underlying California action; and (4) a certified copy of the docket in Signal's Chapter 11 bankruptcy proceeding, which proceeding commenced on April 28, 1989. There was no evidence of an assignment of the California judgment on the record.

On May 13, 1994, the trial court struck the Foundation's answer and counterclaim and denied the Foundation's motion for summary judgment, finding that the Summit County Court of Common Pleas was not the proper forum for attacking the California judgment in that the Ohio court had jurisdiction only to register a valid foreign judgment. The court ruled that Signal could register and enforce the California judgment in the Ohio court.

The Foundation appeals, asserting nine assignments of error.

## A

In its first and second assignments of error, the Foundation argues that the trial court erred in striking its answer without a hearing and in denying its

motion for summary judgment when (1) Signal's corporate powers were suspended in California at the time it commenced registration proceedings in Ohio, rendering it powerless to register and execute a judgment in Ohio, and (2) Signal was precluded from filing an action in Ohio because it was not licensed in Ohio.

1

■ R.C. 2329.021 *et seq.*[2] governs the domestication and execution in Ohio of judgments rendered in federal courts or in the courts of other states. R.C. 2329.022 provides that an authenticated foreign judgment may be filed in any court of common pleas in Ohio. R.C. 2329.023(A) requires that "the judgment creditor or his attorney" make and file an affidavit setting forth the last known names and addresses of the judgment debtor and judgment creditor. R.C. 2329.023(B) requires that the "judgment creditor or his attorney" file with the clerk of the court a praecipe instructing the clerk to issue a notice of the filing of the foreign judgment to the judgment debtor.

■■ Signal's California license was suspended on January 15, 1992, pursuant to Cal.Corp.Code 2205. The certificate of suspension issued by the Secretary of State of California states that all of Signal's corporate powers, rights and privileges were suspended and remained suspended as of November 10, 1993, the date the certificate was issued. Cal.Corp.Code 2205(c) provides that, upon suspension, "except for the purpose of amending the articles of incorporation to set forth a new name, the corporate powers, rights, and privileges of the corporation are suspended." A suspended California corporation may not bring suit, defend an action brought against it, or appeal from an adverse decision. *United States v. 2.61 Acres of Land, More or Less* (C.A.9, 1985), 775 F.2d 1375, 1377, amended (C.A.9, 1986), 791 F.2d 666, 668. It loses not only the power to bring an action but also the power to maintain it. *Mather Constr. Co. v. United States* (1973), 201 Ct.Cl. 219, 475 F.2d 1152, 1155.

■ It is only if the suspended corporation cures the deficiency which triggered its suspension that its legal rights are revived. *Benton v. Cty. of Napa* (1991), 226 Cal.App.3d 1485, 1489–1490, 277 Cal.Rptr. 541, 544. Until revival has

---

**2.** R.C. 2329.021 through 2329.027 codifies the Uniform Enforcement of Foreign Judgments Act as enacted in Ohio in 1983. The statutory procedures set forth in R.C. 2329.021 through 2329.027 are intended to give full faith and credit to foreign judgments as required by Section 1, Article IV of the United States Constitution. Foreign judgments are to be given the same full faith and credit as they have by law in the courts of the state rendering judgment. *Miller v. Bock Laundry Machine Co.* (1980), 64 Ohio St.2d 265, 266, 18 O.O.3d 455, 456, 416 N.E.2d 620, 622, certiorari denied (1981), 451 U.S. 987, 101 S.Ct. 2323, 68 L.Ed.2d 845. Where the rendering state entitles a judgment debtor credit for amounts paid toward satisfaction of a judgment, such credit will be permitted by the Ohio court domesticating and enforcing such judgment. *Id.* 64 Ohio St.2d at 267–268, 18 O.O.3d at 456–457, 416 N.E.2d at 622–623.

occurred, "suspension is a defense that may be asserted so long as the corporation is under the disability." *Mather,* 475 F.2d at 1155.

■ When Signal's attorney filed his affidavit and praecipe in Ohio on September 15, 1993, he was without authority to do so. Pursuant to the laws of California under which Signal was chartered, Signal lacked authority to comply with the provisions of R.C. 2329.022 and even lacked authority to authorize an attorney to act on its behalf. Its certificate of suspension clearly limits its power to amending its articles of incorporation to set forth a new name. As a result, the affidavit and praecipe required by R.C. 2329.023 were made and executed by an attorney without requisite authority or capacity to do so because, at the time he took such actions, Signal existed only for the purpose of amending its articles of incorporation.

Accordingly, the Foundation's first and second assignments of error are sustained with respect to Signal's authority under California law to register and execute upon its California judgment in Ohio.

### 2

Because this ruling reverses the decision of the trial court striking the Foundation's answer insofar as it raised a valid defense as to Signal's authority, we need not reach the Foundation's argument that Signal is prohibited from maintaining an action in Ohio because it is an unlicensed foreign corporation. Similarly, we need not reach the Foundation's fifth, sixth, and seventh assignments of error, which allege errors with respect to Signal's failure to comply with discovery requests and with denial of the Foundation's motion to amend its answer.

### B

The Foundation's third, fourth, eighth, and ninth assignments of error argue that registration of the foreign judgment was effected by attorneys retained by collection agencies who are not real parties in interest and that such activity by the attorneys, and by Signal and Towers, is champerty, an abuse of process pursuant to Civ.R. 11, and frivolous conduct pursuant to R.C. 2323.51.

Because Signal was without authority to act or to authorize others to act, we need not reach the issue of whether the collection agencies or their attorney are the real parties in interest in this matter. There is nothing in the record that evidences an assignment, or other transfer by Signal, of its rights in the California judgment to either Towers or Silk, prior to its suspension.

■ With respect to whether the Foundation can assert, in a domestication proceeding, allegations of champerty, abuse of process, and frivolous conduct,

such allegations are collateral to the registration procedure at issue and were properly disregarded by the trial court. See, *e.g., Purser v. Corpus Christi State Natl. Bank* (1974), 256 Ark. 452, 508 S.W.2d 549, 553.

Accordingly, the Foundation's third, fourth, eighth and ninth assignments of error are overruled.

## C

With respect to denial of the Foundation's motion for summary judgment, an appellate court applies the same standard upon review as that used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122.

■ Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976. The burden of establishing the appropriateness of summary judgment is on the moving party. *Hamlin v. McAlpin Co.* (1964), 175 Ohio St. 517, 26 O.O.2d 206, 196 N.E.2d 781, paragraph two of the syllabus. The nonmoving party is required "to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

■ The Foundation's motion for summary judgment was supported by evidence of Signal's corporate suspension in California and its attendant loss of its rights and privileges. The docket with respect to the underlying judgment indicated no assignment of judgment to either Silk or Towers.

No evidence was offered by Signal to rebut evidence of Signal's suspension or its effect, or to demonstrate a valid assignment of judgment to Silk or Towers. Accordingly, the trial court should have granted the Foundation's motion for summary judgment.

## D

We reverse the judgment of the trial court (1) striking the Foundation's answer, (2) denying the Foundation's motion for summary judgment, (3) granting full faith and credit to the judgment obtained by Signal in the United States

District Court for the Central District of California, and (4) allowing the enforcement of such judgment in the Summit County Court of Common Pleas. We affirm the trial court's decision to strike allegations of champerty, abuse of process, and frivolous conduct. We find further that the Foundation was entitled to summary judgment as a matter of law and remand the case to the trial court to enter judgment in accordance with this opinion.

*Judgment accordingly.*

COOK and DICKINSON, JJ., concur.