APPEL, Appellee,

v.

BERGER, Appellant.

[Cite as *Appel v. Berger*, 149 Ohio App.3d 486, 2002-Ohio-4853.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–124.

Decided Sept. 17, 2002.

Skrobot, Pope, Levy & Fisher, L.L.P., Yale R. Levy, Gregory S. Pope and David A. Skrobot, for appellee.

Abroms Law Offices and Hillard M. Abroms, for appellant.

TYACK, Presiding Judge.

{¶ 1} On November 22, 2000, counsel for Kalman Appel filed with the Franklin County Court of Common Pleas a notice of the filing of a foreign judgment. The notice was directed to Norman B. Berger, and a copy of the foreign judgment was attached. The foreign judgment was a September 28, 2000 judgment rendered by the district court in Clark County, Nevada. The Nevada judgment indicated that Berger had been duly served with a summons and complaint and had failed to answer or enter any appearance in the action, that a default had been entered against Berger by the clerk, and that Appel had applied for default judgment against Berger. Pursuant to this application, judgment was entered in favor of Appel and against Berger in the amount of $51,051.82.

{¶ 2} In Franklin County, Appel's counsel also filed an affidavit setting forth the last known address of the judgment debtor, Berger, and a praecipe requesting that the clerk issue the notice of the filing of a foreign judgment to Berger. In addition, counsel for Appel filed a request for the filing of a certificate of judgment lien in the amount of $51,051.82. On November 28, 2000, counsel for Appel filed a proof of mailing, by certified mail, of the notice of the filing of the foreign judgment.

{¶ 3} On December 21, 2000, Berger, through his counsel, Hillard M. Abroms, filed a motion for stay of execution. Berger's affidavit was attached, which stated that on August 8, 2000, Appel had filed suit against him in the "Clark County, Nevada District Court." Berger further stated that his attorney, Abroms, had engaged in both written and oral negotiations with Appel and Appel's Nevada attorney, Jeffrey R. Albregts, prior to Appel's lawsuit. In support of the stay motion, Abroms submitted two unauthenticated letters dated in May 2000. On May 17, 2000, Albregts wrote Abroms on behalf of Appel, demanding payment for

fees allegedly due under a contract. Abroms responded with a May 24, 2000 letter, which, in essence, rejected the demand. There is no other evidence of communication between the parties prior to the filing of the Nevada lawsuit.

{¶ 4} In his affidavit, Berger also stated that he and Abroms had been unable to obtain local counsel within the twenty-day time period within which to file an answer. Apparently, Abroms contacted the Clark County, Nevada court and was instructed to prepare and timely file an answer. Abroms faxed an answer to the Nevada district court on September 11, 2000, and mailed a copy of the answer to Albregts that same day.[1] Berger further indicated in his affidavit that he had retained local Nevada counsel and anticipated that a motion for relief from judgment would be filed in Nevada within "the next thirty days" (Berger's affidavit was dated December 19, 2000).

{¶ 5} Berger's counsel argued that a stay of execution should be granted pending disposition of the motion for relief from judgment which "is to be filed with the District Court of Clark County, Nevada within the next thirty days." Appel filed a memorandum contra the motion for a stay and attached the affidavit of Albregts. Albregts stated that he did not speak to Abroms until after a default had already been entered against Berger.

{¶ 6} On February 15, 2001, the common pleas court denied Berger's motion for a stay. Thereafter, Appel attempted to garnish various accounts of Berger pursuant to the certificate of judgment lien filed in Franklin County.

{¶ 7} In late February or early March 2001, Berger, through local Nevada counsel, apparently filed with the Nevada district court a motion to vacate default judgment and to set aside default. A hearing was held on March 27, 2001. On April 11, 2001, the Nevada district court issued an order granting Berger's motion to vacate the default judgment entered on September 28, 2000. The September 28, 2000 judgment was declared void. However, the district court denied Berger's motion to set aside the default and stated that such default remained in place as to liability only. The district court indicated that a hearing would be held to determine damages, if any.

{¶ 8} On September 10, 2001, the Nevada district court issued an "AMEND-ED JUDGMENT, FINDINGS OF FACT AND CONCLUSIONS OF LAW." The amended judgment stated:

{¶ 9} "This matter having come on for hearing pursuant to plaintiff Appel's application for prove up of default judgment, this court having previously set aside the amount of the default judgment entered herein in favor of plaintiff

---

1. Even if we presume that the faxed answer was filed in the Nevada district court that same day, September 11, 2000, it was nonetheless untimely.

Appel but not the default itself entered against defendant Berger for failing to answer or otherwise respond to the complaint within twenty days of service of the same, * * * the court * * * hereby enters the following * * * amended judgment in favor of plaintiff Kalman Appel and against defendant Norman B. Berger:

{¶ 10} "* * *

{¶ 11} "* * * [T]otal judgment in the amount of $32,741.53."

{¶ 12} On October 1, 2001, Appel filed a praecipe in Franklin County requesting that the clerk issue an amended certificate of judgment lien in the amount of $32,741.53. On October 24, 2001, Appel instituted garnishment proceedings with respect to the amended certificate of judgment lien on funds held in Berger's attorney's trust account.

{¶ 13} A garnishment hearing was held before a magistrate on November 20, 2001. On November 27, 2001, a magistrate's decision was issued, finding that the $18,000 held in attorney Abroms's trust account was not exempt from garnishment and should be released to the judgment creditor, Appel.

{¶ 14} Berger filed objections to the magistrate's decision. On January 2, 2002, the common pleas court issued a decision and entry overruling Berger's objections and adopting the magistrate's decision. Berger (hereinafter "appellant") has appealed to this court, assigning the following as error:

{¶ 15} "Assignment of Error # 1

{¶ 16} "The trial court lacked subject matter jurisdiction to enforce the September 10, 2001 Clark County, Nevada judgment.

{¶ 17} "Assignment of error # 2

{¶ 18} "The trial court erred in giving full faith and credit to a foreign judgment that is void pursuant to the law of rendering jurisdiction."

{¶ 19} The first assignment of error addresses the application of Ohio's statutory law regarding the procedure to enforce foreign judgments. R.C. 2329.021 through 2329.027 codifies the Uniform Enforcement of Foreign Judgments Act and is intended to give full faith and credit to foreign judgments as required by Section 1, Article IV of the United States Constitution. *Signal Data Processing, Inc. v. The Rex Humbard Found., Inc.* (1994), 99 Ohio App.3d 646, 650, 651 N.E.2d 498, at fn. 2. These sections govern the domestication and execution in Ohio of judgments rendered in federal courts or in the courts of other states. Id. at 650, 651 N.E.2d 498. Appellant contends that these statutory requirements were not followed by Appel (hereinafter "appellee") and, therefore, the common pleas court lacked subject-matter jurisdiction to enforce the Nevada judgment.

{¶ 20} R.C. 2329.021 states:

{¶ 21} "As used in sections 2329.021 to 2329.027 of the Revised Code, 'foreign judgment' means any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state."

{¶ 22} R.C. 2329.022 states:

{¶ 23} "A copy of any foreign judgment * * * may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas."

{¶ 24} R.C. 2329.023 states:

{¶ 25} "(A) When a foreign judgment is filed pursuant to section 2329.022 * * *, the judgment creditor or his attorney shall make and file with clerk of the court in which the foreign judgment is filed an affidavit setting forth the name and last known address of the judgment debtor and of the judgment creditor.

{¶ 26} "(B) Upon the filing of a foreign judgment pursuant to section 2329.022 * * * and the affidavit pursuant to division (A) of this section, the judgment creditor or his attorney shall file with the clerk of the court a praecipe instructing the clerk to issue a notice of the filing of the foreign judgment to the judgment debtor at the address given in the affidavit. The clerk shall enter a note of the mailing in the docket. The notice shall include the name and address of the judgment creditor, and of the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the foreign judgment to the judgment debtor and may file proof of mailing with the clerk. The failure of the clerk to mail to the judgment debtor notice of the filing of the foreign judgment does not affect the enforcement proceedings with respect to the foreign judgment, if the judgment creditor has filed proof that he mailed a notice of the filing to the judgment debtor.

{¶ 27} "(C) No execution or other process for enforcement of a foreign judgment that is filed pursuant to section 2329.022 * * * shall issue until thirty days after the date the foreign judgment is filed pursuant to that section."

{¶ 28} Appellant does not argue that this procedure was not followed as to the original filing of the foreign judgment on November 22, 2000. Rather, appellant argues that the proper procedure was not followed with regard to the amended certificate of judgment lien filed October 1, 2001. Appellant asserts that he was not given notice of the amended certificate of judgment lien, as

required under R.C. 2329.023(B), and that garnishment proceedings on this amended certificate of judgment lien were initiated prior to 30 days of the filing of such amended certificate, in violation of R.C. 2329.023(C).

{¶ 29} Appellee contends that he did follow the statutory requirements and that this same process did not have to be repeated with regard to the amended certificate of judgment lien filed October 1, 2001. In essence, appellee argues that once the Nevada judgment became a judgment of Ohio, the Franklin County Court of Common Pleas retained jurisdiction over the judgment and that such jurisdiction will continue until the judgment is satisfied and/or released by the judgment creditor, even if the amount of such judgment is modified.

{¶ 30} Appellant's assertion that the process had to be followed again for the October 1, 2001 certificate of judgment lien is based on the Nevada court's April 11, 2001 order, which, according to appellant, voided the September 28, 2000 Nevada judgment that was the basis of the original filing of the foreign judgment on November 22, 2000. However, as the common pleas court here aptly determined, the April 11, 2001 Nevada order did not void the September 28, 2000 judgment in its entirety. Rather, the April 11, 2001 Nevada order clearly vacated only the amount set forth in the September 28, 2000 judgment and specifically retained the default entered against appellant as to liability. Hence, the only remaining issue was damages.

{¶ 31} It is important at this point to address the differences between Nevada and Ohio law with respect to default situations. In Ohio, Civ.R. 55(A) speaks to one "entry of judgment" in regard to default judgments. In contrast, the Nevada Rules of Civil Procedure ("NRCP") contain two separate aspects with regard to default. NRCP 55(a) addresses an entry of default by the clerk when a defendant has failed to plead or defend under the rules. NRCP 55(b), on the other hand, speaks to a judgment by default. When money damages are involved, NRCP 55(b) sets forth the procedures for the entry of judgment by default as to a certain sum. It is unclear to this court the exact and intended interplay between NRCP 55(a) and (b), and we are not privy to the day-to-day application of these rules in Nevada practice. However, NRCP 55 clearly delineates between an entry of default and a judgment by default. Indeed, not only are they separated in NRCP 55(a) and (b), but NRCP 55(c) makes it clear that the two are, under Nevada law, distinguishable. NRCP 55(c) states that, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60."

{¶ 32} As NRCP 55 relates to the case at bar, appellant's argument is that the September 28, 2000 judgment, upon which appellee's November 22, 2000 notice of foreign judgment was based, was voided by the Nevada court on April

11, 2001. However, the April 11, 2001 order did not void a default judgment in the same manner as this state's courts would void a default judgment in its entirety. The April 11, 2001 order stated that the "default judgment" was void but that the "default" remained in place as to liability and that a hearing on damages would be held. Such a hearing was held and on September 10, 2001, the Nevada district court filed an "AMENDED JUDGMENT * * *," which reflected an *amended* judgment amount of $32,741.53. Specifically, the *amended* judgment stated, as quoted earlier:

{¶ 33} "This matter having come on for hearing pursuant to plaintiff Appel's application for prove up of default judgment, this court having previously set aside the amount of the default judgment entered herein in favor of plaintiff Appel but not the default itself entered against defendant Berger for failing to answer or otherwise respond to the complaint within twenty days of service of the same, * * * the court * * * hereby enters the following * * * *amended* judgment in favor of plaintiff Kalman Appel and against defendant Norman B. Berger." (Emphasis added.)

{¶ 34} Clearly, the Nevada court did not consider this an original claim or case. Rather, the Nevada court merely *amended* its previous judgment. Had the entire September 28, 2000 judgment been rendered void, in the same sense that this state's courts would consider a judgment void, then there would be nothing to amend. Again, this court can only go by what the Nevada court itself did. It was obviously fully aware of the correct procedures and on September 10, 2001, the Nevada district court merely filed an *amended* judgment.

{¶ 35} We also cite the case of *Gazin v. Hoy* (1986), 102 Nev. 621, 730 P.2d 436, to reiterate our understanding that the entire judgment, upon which the November 22, 2000 filing of foreign judgment was based, was not void. In *Gazin*, the defendant failed to timely answer, and the clerk entered defendant's default on August 27, 1985. One day later, the court entered a default judgment against defendant for $43,062.06. The defendant thereafter filed a motion to set aside the default *and* the default judgment. The motion was denied, and the defendant appealed. The Supreme Court of Nevada rejected defendant's argument that the entry of default should have been set aside, as there was no evidence that defendant had not failed to answer timely. However, the Supreme Court reversed the trial court's denial of the motion to set aside the default judgment, as no written notice was given the defendant, who had appeared in the action, as required under NRCP 55(b)(2). The Supreme Court held that a default judgment obtained without the required notice renders such default judgment void. Therefore, the Supreme Court remanded the matter for a new hearing limited to the issue of damages.

{¶ 36} The *Gazin* decision shows the difference between entries of default and default judgments. It also shows us that in Nevada, the "voiding" of a default judgment does not void the entire case or judgment against the defendant. This is why the Nevada court here entered an *amended* judgment on September 10, 2001, and not simply a judgment. We understand that the amount of the original judgment was "voided." However, the underlying default against appellant was not. Appellee followed the requirements in R.C. 2329.023 as to the original judgment. Once these requirements were followed, this state was bound to give the Nevada judgment full faith and credit and treat it as a judgment of this state.

{¶ 37} When such Nevada judgment was subsequently amended as to the amount, appellee filed a praecipe in Franklin County, requesting an amended certificate of judgment lien reflecting this new amount. The fact that the amount of the original judgment had been modified did not give rise to a requirement that the procedures in R.C. 2329.023 be repeated as to this new amount. The foreign judgment always remained a valid default against appellant, both in Nevada and in Ohio. Under our understanding (albeit limited) of what occurred in Nevada, only the amount of the judgment was modified. The mere modification of the amount of the foreign judgment does not give rise to an obligation to repeat the domestication requirements set forth in R.C. 2329.023.

{¶ 38} Because the statutory requirements were complied with as to the original filing of foreign judgment, the Franklin County Court of Common Pleas could properly enforce the domesticated judgment, including enforcement proceedings based on an amended certificate of judgment lien that reflected merely a modification of the amount of the judgment. Accordingly, appellant's first assignment of error is overruled.

{¶ 39} In his second assignment of error, appellant contends that the common pleas court erred in giving full faith and credit to the Nevada judgment. Appellant asserts that the Nevada judgment is void because he was not given written notice of appellee's application for default judgment, which, under Nevada law, was required as appellant had made an appearance in the Nevada action. Appellant contends that under Nevada law, the failure to give the required notice to a defendant who has made an appearance renders a subsequent default judgment void. Therefore, appellant argues that Ohio may not give full faith and credit to the void Nevada judgment.

{¶ 40} In *Trimax Holdings, Inc. v. Larson* (June 30, 1998), Franklin App. No. 97APE10-1355, 1998 WL 353873, this court addresses when a foreign judgment may be collaterally attacked in Ohio. Under the Full Faith and Credit Clause, collateral attack on a sister state's judgment is precluded if the sister

state had jurisdiction over the person of the defendant and the subject matter. Id., citing *Litsinger Sign Co. v. Am. Sign Co.* (1967), 11 Ohio St.2d 1, 17, 40 O.O.2d 30, 227 N.E.2d 609. Only foreign judgments that are void are subject to collateral attack in Ohio. *Trimax Holdings.* If the judgment is merely voidable, relief must be sought in the foreign state. Id.

{¶ 41} Accordingly, if the Nevada judgment is void under Nevada law for the failure to properly notify appellant of the application for default judgment, then such judgment is subject to collateral attack in Ohio. In other words, if the Nevada judgment is indeed void, this court may not give it full faith and credit.

{¶ 42} Appellant asserts that appellee's Nevada counsel failed to provide him with notice of the application for default judgment pursuant to NRCP 55(b)(2). NRCP 55 states:

{¶ 43} "(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

{¶ 44} "(b) Judgment. Judgment by default may be entered as follows:

{¶ 45} "(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

{¶ 46} "(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor * * *. *If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.* * * *" (Emphasis added in part.)

{¶ 47} Appellant cites *Gazin,* supra, for support of his assertion that his counsel "appeared" in the action. The Nevada Supreme Court stated that an appearance for purposes of NRCP 55(b)(2) does not require a presentation or submission to the court; rather, a course of negotiation between attorneys is sufficient to constitute an appearance where the defendant has indicated a clear purpose to defend the suit. Id., 730 P.2d at 438. In *Gazin,* the court found that defendant's counsel had indicated defendant's intent to defend the suit by requesting an open extension of time within which to file an answer and, therefore, the defendant had made an appearance for purposes of NRCP 55(b)(2). Id. *Gazin* further held that when the defendant has made an appearance in an

action, the failure to give the notice prescribed by NRCP 55(b)(2) renders a subsequent default judgment void. Id.

{¶ 48} Appellant points to certain communications between Abroms and appellee's Nevada counsel that allegedly serve as "appearances" under NRCP 55(b)(2). However, we find that no appearance, for purposes of NRCP 55(b)(2), occurred here. First, these communications occurred months prior to the filing of the Nevada complaint, and appellant has pointed to no case law that would support a finding that such communications would constitute an appearance under NRCP 55(b)(2). More important, however, appellant has failed to show that Abroms, who was not licensed to practice law in Nevada, could as a matter of law make an appearance in a Nevada lawsuit.

{¶ 49} Under Nevada Supreme Court Rules ("SCR"), out-of-state counsel must apply to the pertinent Nevada court to appear as counsel, and an active member of the State Bar of Nevada must be associated as counsel of record in the case. See SCR 42(1). SCR 42 goes on to set forth the procedure to be followed in order for out-of-state counsel to appear in a case. We also note that the Rules of Practice for the Eighth Judicial District Court of Nevada include a requirement that, when foreign counsel is associated, all pleadings, motions and other papers must be signed by Nevada counsel. See Loc.R. 7.44(b). There is no evidence of compliance with the procedures outlined in the various Nevada rules of court with regard to out-of-state counsel.[2]

{¶ 50} Hence, we reject appellant's assertion that he or his representative (Abroms) made an appearance in the Nevada action. Accordingly, appellee was not required pursuant to NRCP 55(b)(2) to provide appellant or his representative with written notice of an application for default judgment. Therefore, the Nevada judgment is not void and is not subject to collateral attack in this state.

{¶ 51} Because appellant has not shown that the Nevada judgment is void, the common pleas court did not err in giving full faith and credit to such judgment. Accordingly, appellant's second assignment of error is overruled.

{¶ 52} Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

PETREE, J., concurs.

DESHLER, J., dissents.

---

2. Appellant's statement in his affidavit that his Ohio attorney was instructed by the Nevada court to prepare and file an answer is not sufficient evidence of compliance with the Nevada Supreme Court Rules in this regard.

DESHLER, JUDGE, dissenting.

{¶ 53} Being unable to agree with the majority, I respectfully dissent.

{¶ 54} My difference with the majority's reasoning centers on the *amended* judgment entered by the Nevada Court on September 10, 2001. The amended judgment stated in part:

{¶ 55} "This matter having come on for hearing pursuant to plaintiff Appel's application for prove of default judgment, this court having previously set aside the amount of the default judgment entered herein in favor of plaintiff Appel, but not the default itself entered against the defendant Berger for failing to answer or otherwise respond to the complaint within twenty days of service of the same * * * the court * * * hereby enters the following * * * amended judgment in favor of plaintiff Kalman Appel against defendant Norman B. Berger."

{¶ 56} Previous to the entering of the judgment on September 10, 2001, the Nevada court had entered an order granting appellee's motion to vacate an earlier default judgment entered September 28, 2000. The September 28, 2000 judgment was declared void. It should be noted, however, that the default that had been entered against appellee remained in place and was not vacated. Therefore, we have procedurally a situation where the Nevada court did not disturb any finding with respect to appellee being in default, but there was a vacating of a monetary judgment.

{¶ 57} As opposed to the reasoning of the majority, the Nevada court's entry of judgment, as an amended judgment, is not in my view a "mere modification" as described in the majority opinion. It was a new judgment of the Nevada court requiring renewed compliance with Ohio law relating to the domestication and enforcement of a foreign judgment, pursuant to R.C. 2329.021 through 2329.027.

{¶ 58} While I recognize that due deference should be accorded a sister state's laws and procedures, the majority, in its detailed analysis of Nevada law, overlooks the critical problem that a void judgment cannot be amended without creating a new obligation, thus requiring renewed compliance with procedures relating to enforcement of that judgment.

{¶ 59} The fact the underlying default judgment against appellant was not voided when the original judgment for damages was voided, does not relieve the judgment creditor from full compliance with our statutes relative to domestication of foreign judgments. The previous efforts by the judgment creditor to enforce the foreign judgment in Ohio are a nullity and should not permit enforcement of a new judgment even if Nevada terms the later judgment an "amended judgment."

{¶ 60} The majority claims that the "mere modification of the amount of the foreign judgment does not give rise to an obligation to repeat the domestication requirements set forth in R.C. 2329.023." This is precisely where I disagree with

the majority opinion, since the entering of a new monetary judgment against appellant in Nevada required compliance with R.C. 2329.023 in order for appellee to properly seek enforcement of the Nevada judgment in Ohio. For this reason and reasons already stated, I dissent.