[Cite as *SAFA, Inc. v. Reliable Credit Assn., Inc.*, 2019-Ohio-336.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

SAFA, INC. DBA MO AUTO SALES,      :

    Appellant,      :      CASE NO. CA2018-08-157

     :      O P I N I O N
    - vs -      2/4/2019

     :

RELIABLE CREDIT ASSOCIATION,      :
INC., ET AL.,
     :
    Appellees.

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-02-0387

Eberly McMahon Copetas LLC, Robert A. McMahon, 2321 Kemper Lane, Suite 100, Cincinnati, Ohio 45206, for appellees

Richard Hurchanick, 110 North Third Street, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, SAFA, Inc. dba Mo Auto Sales ("SAFA"), appeals from the decision of the Butler County Court of Common Pleas granting a motion to dismiss filed by appellees, Reliable Credit Association, Inc. and Morgan Groth (collectively, "Reliable Credit").[1] For the

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

reasons outlined below, we affirm the common pleas court's decision.

**Facts and Procedural History**

{¶ 2}   On July 11, 2017, Reliable Credit received a default judgment against SAFA in the Clackamas County Circuit Court, Fifth Judicial District, located in Clackamas County, Oregon.  The judgment against SAFA was in the amount of $8,845 plus interest, costs, and attorney fees.  Several months later, on October 17, 2017, Reliable Credit filed the foreign judgment in the Butler County Court as provided for by R.C. 2923.022.  Three days later, on October 20, 2017, notice of the foreign judgment was sent to SAFA in accordance with R.C. 2329.023.  The foreign judgment was filed in the Butler County Court under Case No. JD 2017 10 1645.

{¶ 3}   On February 16, 2018, SAFA filed a complaint against Reliable Credit in the Butler County Common Pleas Court collaterally attacking the foreign judgment.  In support, SAFA alleged Reliable Credit had obtained the foreign judgment by engaging in fraud and negligence through an "altered and forged contract granting jurisdiction in Oregon."  SAFA also alleged Reliable Credit had falsely claimed service of process was perfected through a forged affidavit from the alleged process server.  This, according to SAFA, resulted in Reliable Credit obtaining the foreign judgment it then used to continue its "fraudulent scheme" in Ohio.  Rather than initially collaterally attacking the foreign judgment in the case where the foreign judgment was filed, SAFA's complaint was filed under the separate Butler County Case No. CV 2018 02 0387.

{¶ 4}   On April 9, 2018, Reliable Credit moved to dismiss SAFA's complaint.  Bringing its motion pursuant Civ.R. 12(B)(6), Reliable Credit argued that "[i]f SAFA wants to challenge the underlying proceedings, it must do so in Oregon or in the case in which the Ohio Judgment was entered."  Reliable Credit also argued that "SAFA may not use this separate legal action to challenge a valid and enforceable judgment[.]"   Therefore,

- 2 -

according to Reliable Credit, "[t]o the extent SAFA thinks that it has defenses to the enforceability of the Oregon Judgment or the Ohio Judgment, SAFA must proceed in one of those cases to assert its purported defenses or procedural challenges. But, unless and until SAFA does so, it is prohibited from essentially challenging those judgments in this separate lawsuit[.]"

{¶ 5} On July 25, 2018, the Butler County Court issued a decision granting Reliable Credit's motion to dismiss. In so holding, the Butler County Court stated:

> The Ohio Uniform Enforcement of Foreign Judgments Act did not create a separate cause of action allowing a judgment debtor to sue to assert defenses to a foreign judgment. It simply allows a judgment debtor to assert defenses to the foreign judgment and/or move to vacate the foreign judgment in the case or proceeding in which the foreign judgment is domesticated. The foreign judgment was not domesticated in this case and [SAFA's] complaint therefore fails to state a claim upon which relief can be granted. The complaint is dismissed with prejudice. [SAFA] may attempt to assert defenses or move to vacate the foreign judgment in the Ohio case domesticating the foreign judgment.

**Appeal**

{¶ 6} SAFA now appeals from the Butler County Court's decision granting Reliable Credit's motion to dismiss. SAFA argues the Butler County Court erred by finding its complaint against Reliable Credit was an impermissible collateral attack on a foreign judgment. We find no merit to SAFA's claim.

**Standard of Review**

{¶ 7} Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "In order to prevail on a Civ.R. 12(B)(6) motion, 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief.'" *Id.*, quoting *DeMell v. The Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 88505,

2007-Ohio-2924, ¶ 7. In ruling on a complaint pursuant to Civ.R. 12(B)(6), the trial court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.). This court must independently review the complaint to determine the appropriateness of the trial court's dismissal. *Id.*

## Analysis

{¶ 8} SAFA argues the Butler County Court erred by granting Reliable Credit's motion to dismiss because the foreign judgment was void due to a failure of service of process and lack of personal jurisdiction. SAFA also argued the foreign judgment was void since it was obtained by through fraud and negligence. Therefore, according to SAFA, there exists a justiciable claim of wrongful execution of a foreign judgment. The Butler County Court found this was an impermissible collateral attack on the foreign judgment. We agree with the Butler County Court's decision.

{¶ 9} Ohio's Uniform Enforcement of Foreign Judgments Act ("OUEFJA"), as codified in R.C. 2329.021 through 2329.027, sets forth this state's obligations under the Full Faith and Credit Clause of the United States Constitution. *Emergency Physicians Ins. Co. RRG v. Emergency Physicians Ins. Exchange*, 9th Dist. Summit No. 28747, 2018-Ohio-566, ¶ 4. "The doctrine of full faith and credit requires that the state of Ohio give to these acts, records, and judicial proceedings of another state the same faith and credit 'as they have by law or usage in the courts of such State * * * from which they are taken.'" *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132 (1999). This is confirmed by R.C. 2329.022, which states:

> A copy of any foreign judgment authenticated in accordance

- 4 -

with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas.

Therefore, as noted by the Ohio Supreme Court, "[a] judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction to render the judgment under the sister state's internal law, and under that law the judgment is void[.]" *Litsinger Sign Co. v. American Sign Co.*, 11 Ohio St.2d 1 (1967), paragraph one of the syllabus.

{¶ 10} Assuming any issues regarding SAFA's jurisdictional challenges to the foreign judgment have not "fully and fairly litigated in the court which rendered the original judgment," a fact that this court must accept as true when reviewing the trial court's decision to grant Reliable Credit's motion to dismiss, it is clear that SAFA may collaterally attack the foreign judgment by raising these jurisdictional challenges. *Dollar Bank v. Bernstein Group, Inc.*, 71 Ohio App.3d 530, 533 (10th Dist.1991); *Trimax Holdings v. Larson*, 10th Dist. Franklin No. 97APE10-1355, 1998 Ohio App. LEXIS 3007, *4 (June 30, 1998); and *American Sign Co.*, paragraph one of the syllabus ("collateral attack is precluded in Ohio if the defendant submitted to the jurisdiction of the sister state's court by an appearance precluding collateral attack in such state").

{¶ 11} But, just as the Butler County Court found, nothing within OUEFJA created a new cause of action that would allow SAFA to assert those defenses in a *separate lawsuit* in a *separate case* not otherwise associated with the foreign judgment. This is because, as the language in R.C. 2932.022 provides, OUEFJA serves only as a shield to defend against a foreign judgment rather than as a sword to attack the foreign judgment through a separate

lawsuit.

**{¶ 12}** This is not to say SAFA is precluded from ever collaterally attacking the foreign judgment at issue. Far from it. Rather, as noted by the Butler County Court, SAFA "may attempt to assert defenses or move to vacate the foreign judgment in the Ohio case domesticating the foreign judgment." This, as noted above, would be under Case No. JD 2017 10 1645 and not under Case No. CV 2018 02 0387. That is what R.C. 2932.022 implicitly provides by stating "[a] foreign judgment filed pursuant to this section * * * is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas[.]" These procedures and proceedings – for example Civ.R. 60(B)(3) – do not include filing a separate lawsuit in a separate case other than the case where the foreign judgment was filed.[2]

### Conclusion

**{¶ 13}** Simply stated, any jurisdictional challenge to the foreign judgment must be initiated by SAFA under the case number where the foreign judgment was filed with the Butler County Court, not in a *separate lawsuit* with a *separate case* not otherwise associated with the foreign judgment. Yet, even then, we note that "[o]nly foreign judgments which are void are subject to collateral attack in Ohio. If the judgment is merely voidable, relief must be sought in the foreign state." (Internal citation omitted.) *Appel v. Berger*, 149 Ohio App.3d 486, 494 (10th Dist.2002). Therefore, because we find no error in the Butler County Court's decision granting Reliable Credit's motion to dismiss, SAFA's single assignment of error lacks merit and is overruled.

### Motions for Sanctions

---

2. Civ.R. 60(B)(3) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party[.]"

{¶ 14} Reliable Credit moved this court to find this appeal frivolous and order SAFA to pay reasonable expenses including attorney fees and costs as provided by App.R. 23. In response, SAFA moved this court to find Reliable Credit engaged in frivolous conduct by filing its motion for fees and costs. "'A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review.'" *Madewell v. Powell*, 12th Dist. Warren No. CA2006-05-053, quoting *Talbott v. Fountas*, 16 Ohio App.3d 226 (10th Dist.), paragraph one of the syllabus. Although unsuccessful, we find the instant appeal brought by SAFA presented a reasonable question for review; we therefore deny Reliable Credit's motion for sanctions.

{¶ 15} SAFA's request for sanctions against Reliable Credit is also denied. "The purpose of [App.R. 23] is to assess attorney fees and costs against the party that brings a frivolous *appeal*." (Emphasis added.) *Chrisman v. Chrisman*, 12th Dist. Warren No. CA99-01-006, 2000 Ohio App. LEXIS 937, *10 (Mar. 13, 2000), citing *Metcalf v. Winnen*, 21 Ohio App. 3d 174 (9th Dist.1985). Therefore, in accordance with App.R. 23, this court may award sanctions only if this court finds "an *appeal* is frivolous[.]" (Emphasis added.)

{¶ 16} Regardless, even if we were to find App.R. 23 applied to SAFA's motion, we do not find Reliable Credit's request for sanctions frivolous. While a request for sanctions is not warranted under most circumstances, thereby raising the potential for abuse, the plain language found in App.R. 23 does not limit an appellant from asking this court to award sanctions.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.